IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31333
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY HAYS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CR-50033-2
--------------------
August 19, 2002

Before JONES, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Gregory Hays appeals his conviction and sentence for
conspiracy to distribute five grams or more of crack cocaine in
violation of 21 U.S.C. §§ 841(a)(1) and 846. Hays challenges the
district court's denial of his motion to suppress an undercover
agent's identification testimony on the ground that the
identification derived from an impermissibly suggestive
photographic line-up and resulted in an unreliable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

identification.  We conclude, based on a totality of the circumstances, that the photographic line-up did not pose a very substantial likelihood of irreparable misidentification.  See United States v. Honer, 225 F.3d 549, 552-53 (5th Cir. 2000); United States v. Brown, 217 F.3d 247, 259 (5th Cir. 2000), cert. denied, 531 U.S. 1155 (2001), and vacated and remanded on other grounds, 531 U.S. 1136 (2001).

Hays challenges the jury's guilty verdict as to count one of the indictment on grounds of inconsistency.  The jury's verdict on counts one and two of the indictment, even if inconsistent, does not warrant reversal because the evidence is sufficient to sustain Hays's conviction as to the conspiracy count, the charge for which Hays was convicted.  See United States v. Straach, 987 F.2d 232, 240-41 (5th Cir. 1993); United States v. Gieger, 190 F.3d 661, 664 (5th Cir. 1999).

Hays argues that the district court erred in refusing to grant him a decrease in his base offense under U.S.S.G. § 3B1.2. That adjustment is "designed to be applied infrequently [and] . . . is generally appropriate only where a defendant was substantially less culpable than the average participant." United States v. Gallardo-Trapero, 185 F.3d 307, 324 (5th Cir. 1999)(citations and internal quotation marks omitted). The district court's finding as to Hays's role in the offense was not clearly erroneous.  See Burton v. United States, 237 F.3d 490, 503 (5th Cir. 2000).

AFFIRMED.